**In re Jennifer Ann HARRIS, Debtor.**

**No. 00–50692.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Feb. 11, 2002.

David M. Whittaker, Luper, Sheriff & Neidenthal, Columbus, OH, for Debtor.

Frank M. Pees, Worthington, OH, Chapter 13 Trustee.

### OPINION AND ORDER ON OBJECTION TO CONFIRMATION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the objection of John Zagan III to confirma-

tion of the chapter 13 plan proposed by debtor Jennifer Ann Harris.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(L).

John Zagan's objection to the debtor's plan alleges that the debtor has not fully disclosed all prepetition transfers being investigated by the chapter 7 trustee at the time she converted her case from a chapter 7 proceeding. He also alleges that the debtor has additional non-exempt personal property which is yet undisclosed. Finally, he maintains that her plan does not contribute for payment all of her disposable income, including her future tax refunds and any child support she may receive.

In response the debtor disputes John Zagan's allegations and further alleges that his objection to confirmation is not timely filed.

On February 1, 2000 the debtor filed a case under chapter 7 of the Bankruptcy Code. Mr. Zagan was listed as an unsecured creditor whose debt was disputed. Notice of the meeting of creditors and various dates was served by the Clerk on Mr. Zagan at 1311 Lake Shore Drive, Columbus, OH 43204. On March 6, 2000 John Zagan appeared at the meeting of creditors in the chapter 7 phase of this case.

In late 2000 the chapter 7 trustee apparently determined to sell the debtor's residence. Before any sale occurred, however, on July 18, 2001 the debtor moved to convert her case to chapter 13. The chapter 7 trustee opposed the debtor's motion because he was investigating certain prepetition transfers and was considering a consolidation of the debtor's case with a pending chapter 7 case filed by the debtor's husband, Robert Stainbrook, from whom she is now separated. Mr. Stain-

brook's case involved allegations and evidence of fraud and the trustee believed consolidation of both cases in the chapter 7 setting would best benefit creditors.

The debtor and the chapter 7 trustee later agreed to conversion of her case so long as the debtor would not contest the right of the scheduled creditors to file claims other than possible disputes regarding the amounts of such claims. The agreed order converting the debtor's case also mandated reconversion to chapter 7 if confirmation of a chapter 13 plan was not obtained. The debtor was further obligated to disclose all facts relating to the potential avoidance of the mortgage on her residential real estate and of certain transfers of real property in Colorado to Bruce Fratto.

Notice of the debtor's conversion to chapter 13 and of the new dates for the meeting of creditors was sent to Mr. Zagan at the same address as the previous chapter 7 notice. Mr. Zagan denies receiving any such notice, however, and did not appear at the subsequent meeting of creditors. His objection to confirmation was filed approximately thirty (30) days after the deadline established in the Clerk's notice.

The debtor's proposed plan, as amended, will pay $100 each month to the trustee for payment in full of any allowed secured or priority unsecured claims and a 28% dividend for allowed unsecured claims. Her tax refund for 2000, previously collected by the chapter 7 trustee in the amount of $5,748.83, will be contributed to her plan, subject to any expenses and fees allowed to the chapter 7 trustee. The chapter 13 trustee is to be advised of any changes in her assets, income or expenses resulting from any order of the domestic relations court.

The Court finds that Mr. Zagan's objection to confirmation is not timely and,

therefore, must be overruled on that basis. In addition, even if the objection were not time barred, the evidence adduced at the hearing did not support the objection. The debtor has apparently disclosed the information to the chapter 13 trustee that was required by the agreed order of November 8, 2001 and the trustee is now recommending confirmation. The debtor's plan appears appropriate for confirmation.

Based on the foregoing, the objection of John Zagan to confirmation of the debtor's plan is hereby **OVERRULED.** An order confirming the plan will be entered forthwith.

**IT IS SO ORDERED.**